Keith J. Miller
**ROBINSON MILLER LLC**
One Newark Center
Newark, New Jersey 07102
Tel:  (973) 690-5400
Fax:  (973) 466-2760
([kmiller@rwmlegal.com](mailto:kmiller@rwmlegal.com))

*Attorney for Plaintiff Depomed, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DEPOMED, INC. and GRÜNENTHAL GMBH,<br><br>        Plaintiffs/Counterclaim Defendants,<br><br>   v.<br><br>ALKEM LABORATORIES LIMITED,<br><br>        Defendant/Counterclaim Plaintiff. | Civil Action No. 2:13-cv-7803-CCC-MF<br><br>**DEPOMED, INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AGAINST ALKEM LABORATORIES LIMITED UNDER 35 U.S.C. § 285** |

## TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ................................................................................. 1

II.     BACKGROUND ................................................................................. 2

III.    LEGAL STANDARDS ....................................................................... 8

IV.     ARGUMENT ...................................................................................... 9

        A.      Alkem's Failure to Provide Any Evidence in Support of Its Position Is
                Prototypical "Unreasonable Conduct" ...................................................10

        B.      Alkem's Pattern of Evasive and Discourteous Conduct Further Supports a
                Fee Award ..........................................................................................12

        C.      Depomed's Requested Attorneys' Fees Are Reasonable and Narrowly
                Tailored ..............................................................................................14

V.      CONCLUSION ................................................................................. 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Commil USA, LLC v. Cisco Systems, Inc.*,
    720 F.3d 1361 (Fed. Cir. 2013)...................................................................................4

*Highmark, Inc. v. AllCare Health Mgm't Sys., Inc.*,
    134 S. Ct. 1744 (2014)...................................................................................8

*Homeland Housewares, LLC v. Sorensen Res.*,
    581 F. App'x 877 (Fed. Cir. 2014) ...................................................................8, 9, 14

*Intex Recreation Corp. v. Team Worldwide Corp.*,
    77 F. Supp. 3d 212 (D.D.C. 2015) ...................................................................10

*IPVX v. Voxernet LLC*,
    No. 5:13-cv-01708, 2014 WL 5795545 (N.D. Cal. Sept. 2, 2015).........................................10

*Kilopass Tech., Inc. v. Sidense Corp.*,
    738 F.3d 1302 (Fed. Cir. 2013)...................................................................................14

*MarcTec, LLC v. Johnson & Johnson*,
    664 F.3d 907 (Fed. Cir. 2013)...................................................................................10

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*,
    134 S. Ct. 1749 (2014)...................................................................................8

*Romag Fasteners, Inc. v. Fossil, Inc.*,
    No. 3:10-cv-1827, 2014 WL 4073204 (D. Conn. Aug. 14, 2014).........................................10

*Takeda Chemical Indus., Ltd. v. Mylan Labs., Inc.*,
    549 F.3d 1381 (Fed. Cir. 2008)...................................................................................10

*Yamanouchi Pharm. Co., Inc. v. Danbury Pharmacal, Inc.*,
    231 F.3d 1339 (Fed. Cir. 2000)...................................................................9, 10, 11, 12

**Statutes**

35 U.S.C. § 285...................................................................................1, 3, 8, 9, 11, 14, 15

**Rules**

Fed R. Civ. P 52(c) ...................................................................................6

**Regulations**

31 C.F.R. § 314.94(a)(12)(i)(A)(4) ..................................................................................................2

31 C.F.R. § 314.95(c)(6) ..................................................................................................................2

## I.       INTRODUCTION

Pursuant to 35 U.S.C. § 285, Plaintiff Depomed, Inc. ("Depomed") submits this Motion for Attorneys' Fees to be awarded against Alkem Laboratories Limited ("Alkem").  For the reasons set forth below, Depomed respectfully submits that the above-entitled case is "exceptional" under Section 285 and the controlling precedent.   Alkem's assertion and counterclaim of non-infringement were made without basis or justification, and were pursued throughout this case including trial.  Accordingly, Depomed requests that the Court grant this motion and order Alkem to pay Depomed's reasonable attorneys' fees.

"We'll see you at trial."  That was Alkem's hostile response when Depomed asked whether it would be stipulating to infringement of U.S. Patent No. 8,536,130 (the "'130 patent") on the last day that stipulations were due before trial.  Ex. A (February 22, 2016 e-mail from Imron Aly to Mike Sitzman); Dkt. 326 at 3.  Alkem's response was astounding given that: (1) Alkem's proposed label for its generic version of NUCYNTA$^{®}$ ER was identical in all material respects to Depomed's NUCYNTA$^{®}$ ER label; (2) Alkem failed throughout discovery to adduce any evidence or provide any credible basis supporting a non-infringement theory; and (3) Alkem had no fact or expert witnesses scheduled to testify that its Abbreviated New Drug Application ("ANDA") for its generic version of NUCYNTA$^{®}$ ER did not infringe the '130 patent.  Nevertheless, Alkem refused to stipulate to infringement or offer any explanation for its non-infringement position.  *Id.* ("I don't know why you would send informal interrogatories at this point.").  In fact, later the *same day* Alkem filed its trial brief and failed to even mention, much less address non-infringement of the '130 patent.  *See, e.g.*, Dkt. 361a at 6–15.  Alkem then outrageously proceeded to trial with an affirmative defense and a counterclaim for declaratory relief of non-infringement without presenting *any* evidence or testimony in support thereof.  *See* Dkt. 60 at 11, 16.  Ultimately, the

Court found that Alkem infringed the '130 patent, and explicitly found that Alkem "ha[d] not presented evidence" to the contrary.  Dkt. 536 at 140.

This is but one example of Alkem's pattern of discourteous and evasive conduct that persisted throughout the litigation, which unnecessarily increased costs and wasted the Court's and Depomed's time and resources.  Alkem's frivolous defense and counterclaim, and its course of misconduct throughout this litigation, is precisely what Section 285 is intended to sanction—and the Federal Circuit has affirmed awards of attorneys' fees for exactly this type of conduct. Accordingly, Depomed requests that the Court find this case to be exceptional and order Alkem to pay Depomed's reasonable attorneys' fees in the amount of at least $541,756.92.

## II.    BACKGROUND

For over two years, Alkem completely failed to provide any evidence or credible basis for its affirmative defense and counterclaim that its generic version of NUCYNTA$^{®}$ ER would not infringe claims 1, 2, 3, and 6 of the '130 patent.  On the heels of trial, when Alkem had the opportunity to eliminate the issue completely, it refused to act in good faith and thus caused Depomed and the Court to waste significant and unnecessary resources as discussed below.

**Alkem's Generic Version of NUCYNTA$^{®}$ ER and Its Proposed Label.**  On June 3, 2013, Alkem submitted ANDA No. 205016 to the Food and Drug Administration ("FDA"), seeking approval to market and sell Alkem's generic version of NUCYNTA$^{®}$ ER (the "generic product").  Dkt. 536 at 4.  The proposed label for Alkem's generic product was identical in all material respects to Depomed's label for NUCYNTA$^{®}$ ER, and specifically included: (1) the same two indications for severe chronic pain and diabetic peripheral neuropathy; and (2) the same supporting clinical studies.  *Id.* at 50–51.

**Alkem's Paragraph IV Certification.**  On November 13, 2013, Alkem certified under 31

2

C.F.R. § 314.94(a)(12)(i)(A)(4) that its generic product would not infringe the '130 patent (the "Paragraph IV Certification").  Ex. B, Alkem's 11/13/13 Paragraph IV Certification at 12–13. FDA regulations dictated that Alkem's Paragraph IV Certification contain:

> A detailed statement of the **factual and legal basis** of the applicant's opinion that the patent is not valid, unenforceable, or will not be infringed.  The applicant **shall include in the detailed statement**:
>
> (i) For each claim of a patent alleged not to be infringed, **a full and detailed explanation of why the claim is not infringed.**

31 C.F.R. § 314.95(c)(6) (emphasis added).

Alkem's "full and detailed explanation of why the ['130 patent] is not infringed," consisted of five conclusory sentences without a single citation to any legal precedent or any supporting evidence. *Id*.  Eight months later, Alkem amended its ANDA and had another opportunity to provide a full and detailed explanation of why the '130 patent is not infringed.  Ex. C, Alkem's 7/7/14 Paragraph IV Certification at 154–55.  Instead, Alkem repeated the same five conclusory sentences with no facts, no evidence and no legal support.[1]

**Alkem's Affirmative Defense and Counterclaim for a Declaratory Judgment of Non-Infringement.**  In response to its Paragraph IV Certifications, this action was commenced against Alkem for infringement of the '130 patent.  On September 3, 2014, Alkem filed its Answer and Counterclaim.  Case No. 2:13-cv-07803, Dkt. 60.  Alkem denied the allegations of infringement and asserted as its Second Affirmative Defense that its ANDA "has not infringed, and would not, if marketed, infringe, directly or indirectly, any valid claim of the '130 patent." *Id*. at 11.  Alkem then asserted as its First Counterclaim "Non-infringement of the '130 patent," seeking "a

---

[1] In contrast, defendant Roxane Laboratories, Inc. ("Roxane"), which at that time had the exact same label as Alkem (and NUCYNTA® ER), omitted any opinion or discussion of non-infringement from its Paragraph IV Certification.  *See* Ex. E, Roxane's 5/8/14 Paragraph IV Certification at 31–33.  Instead, Roxane asserted that the '130 patent was invalid, and it set forth three pages of references and legal citations to support its assertion.  *Id*.

declaration that no valid claim of the '130 patent will be infringed by the manufacture, use, sale, offer for sale, or importation into the United States of Alkem's drug products." *Id*. at 16. In its prayer for relief, Alkem requested that the Court enter a judgment in its favor and provide "a declaration that the filing of Alkem's ANDA [] has not infringed and does not infringe, any valid and enforceable claim of the '130 patent." *Id*. at 17. And although Alkem's label was materially identical to the NUCYNTA® ER label, Alkem also had the audacity to make an unsubstantiated request for "a declaration that this case is exceptional in favor of Alkem" under Section 285. *Id*.

At no time during the litigation did Alkem seek to withdraw or dismiss its affirmative defense or counterclaim, and Alkem pursued both up to and through trial without presenting any legal or evidentiary support. Independently, Alkem maintained a separate affirmative defense and an independent counterclaim asserting that the claims of the '130 patent were invalid. *Id*. at 11 (First Affirmative Defense); 16 (Count 2).

**Alkem's Non-Infringement Contentions and Its Failure to Produce Any Evidence of Non-Infringement Throughout Discovery.** On April 16, 2014, Alkem served its non-infringement contentions, which simply regurgitated the same conclusory assertions Alkem made in its Paragraph IV Certifications, bereft of any supporting evidence. Alkem's contentions were:

(1)    There would not be direct infringement because "Alkem will not be administering its ANDA product to any patient";

(2)    Relying on *Commil USA, LLC v. Cisco Systems, Inc.*, 720 F.3d 1361 (Fed. Cir. 2013), Alkem could not be liable for induced infringement, because it "maintains a good faith belief that the asserted claims are all invalid"; and

(3)    There would not be contributory infringement, because "there are substantial non-infringing uses."

Ex. D, Alkem's April 16, 2014 Initial Non-Infringement and Invalidity Contentions, at 4.

In the two years after Alkem served these contentions, Alkem provided no further detail in support of its positions and never served (or requested to serve) any amended contentions. Yet, in that same period: (1) Depomed made clear that it was not asserting direct infringement against Alkem; (2) the Supreme Court overruled *Commil* (*see* 135 S. Ct. 1920 (2015)); and (3) Alkem failed to produce any evidence (documents, fact witnesses or experts) to support any of its positions, including the contention that there were "substantial non-infringing uses." During fact discovery, Alkem did not identify a single witness who would testify regarding Alkem's position that it would not infringe the '130 patent. Nor did Alkem produce any evidence to support its non-infringement position. Then, when expert discovery commenced in the Spring of 2015, Alkem did not retain an expert to testify in support of its non-infringement theory and, consequently, Alkem did not serve a single expert report on the issue of non-infringement. By the end of 2015, after the close of all discovery, Alkem had not produced any witnesses, evidence, or contentions that would explain and/or substantiate any potential non-infringement position.

**Alkem's Refusal to Stipulate to Infringement of the '130 Patent.** On January 25, 2016, the Court entered a Consent Order setting various pre-trial and trial deadlines, including a deadline by which "Defendants **shall** provide notice of any infringement stipulations." Dkt. 326 at 3 (fourteen days after the claim construction order issued) (emphasis added).

On February 5, 2016, the Court issued its claim construction order (Dkt. 333), and on February 19, all three defendants provided notice that they would stipulate to the infringement of U.S. Patent Nos. RE39,593 and 7,994,364, while continuing to pursue their invalidity arguments as to all three patents. Alkem, however, would not stipulate to infringement of the '130 patent. When Depomed's counsel inquired as to why, Alkem's counsel refused to explain as set out below:

5

<u>Mike Sitzman (Depomed's counsel)</u>: Imron, will Alkem also be stipulating to infringement of the '130 patent?  Alkem is using the identical label as Depomed, and has not articulated any factual or evidentiary basis for a claim or defense of non-infringement.

<u>Imron Aly (Alkem's counsel)</u>: **No.**

<u>Mr. Sitzman</u>: What then is your position on non-infringement?  Look at claim 3 for example.

<u>Mr. Aly</u>: **We'll see you at trial.**  I don't know why you would send informal interrogatories at this point.

Ex. A, February 22, 2016 e-mail exchange between Imron Aly and Mike Sitzman (emphasis added).

**Alkem Fails to Address Infringement in Defendants' Trial Brief.**  Also on February 22, 2016, Alkem filed its trial brief—but, despite having refused to stipulate to infringement and having maintained both an affirmative defense and counterclaim of non-infringement, Alkem's brief entirely failed to dispute ***or even address*** infringement of the '130 patent.  *See, e.g.*, Dkt. 361a at 6–15.  While Alkem expended virtually no resources in asserting and maintaining its non-infringement defense and counterclaim, Depomed expended significant resources through discovery providing evidence that Alkem's ANDA infringed the '130 patent, and was now forced to address Alkem's infringement in its trial brief and at trial.  Dkt. 359 at 30–32.

**At Trial, Alkem Fails to Present Any Evidence or Expert Testimony Disputing Infringement of the '130 Patent.**  Alkem proceeded to trial on its affirmative defense and counterclaim of no infringement.  Alkem forced Depomed to present its *prima facie* case on infringement and its responsive case to the declaratory relief claims asserted by Alkem.  Depomed presented substantial evidence and argument, and elicited expert testimony, regarding Alkem's infringement of the '130 patent.  *See, e.g.*, Dkt. 449, ¶¶ 202–211; 3/14/16 Tr. 60:25–69:14 (Brown).  At the close of their case, Depomed moved under Federal Rule of Civil Procedure 52(c)

6

for judgment of infringement against Alkem, but Alkem opposed that motion and the Court reserved its decision until after the close of the evidence.  3/15/16 Tr. 143:8–11, 174:3–11. Throughout the two-and-a-half-week trial, Alkem presented absolutely no evidence or expert testimony as to infringement of the '130 patent.  Consequently, in its post-trial brief and at Closing Argument, Alkem failed to identify any factual or legal basis for its affirmative defense and counterclaim.  Dkt. 451.

**Alkem Obstructs Post-Trial Attempts to Resolve Disputes, Including Infringement of the '130 Patent.**  After trial, but before rendering a decision in this matter, the Court ordered a settlement conference on June 29, 2016, requiring a representative from each party to attend in an attempt to resolve the various disputes.  Dkt. 505.  Chief among them for each defendant was the infringement of the '130 patent.  6/29/16 Tr. 92:13–20 (Actavis's counsel stating, "I think you would start with the last-to-expire patent and work on that one first because you might imagine that's sort of how settlement negotiations happen.  So, the '130 patent, in our view, would resolve issues with respect to the invalidity of the '130 [patent], have a better chance of leading to the parties coming to an agreement on all the issues.").

When Alkem's counsel arrived for the settlement conference, however, he revealed that he did *not* bring any representative from Alkem.  As the Court expressed: (1) it was "particularly frustrating to hear today that your clients, **especially your clients**, are not here today" (6/29/16 Hearing Tr. 7:18–20) (emphasis added); (2) Alkem had "sufficient notice" of the conference and the Court's requirement that a client representative attend (*id.* at 6:12–13); and (3) Alkem's failure "put[] everyone . . . in a difficult position" (*id.* at 9:7–9).  Given Alkem's misconduct, the Court asked whether any other party would be seeking an "application for costs."  *Id.* at 91:3–5. Depomed asked to reserve on this issue and address Alkem's bad faith conduct at a later date, and

7

the Court granted Depomed's request.  *Id*.

        **The Court Decides That Alkem Is Liable for Infringement of the '130 Patent.**  On September 30, 2016, the Court held that Alkem is liable for infringing all the asserted claims of the '130 patent.  Dkt. 536 at 140.  The Court explicitly held, "In light of the evidence presented by Plaintiffs . . . the Court finds that Alkem will knowingly encourage physicians, pharmacists and patients to administer its tapentadol hydrochloride extended release product to treat DPN.  Alkem has not presented evidence that undercuts this finding."  *Id*. (citations omitted).  The Court left to the parties a form of judgment to be entered reflecting the decisions of the Court.  Not surprisingly, Alkem fought tooth and nail regarding several aspects of the judgment with regard to the '130 patent, including the scope of injunction.  Alkem was insistent that the '130 patent should not preclude it from engaging in certain activity falling specifically within the scope of the claims.  Ultimately, the Court rejected Alkem's arguments and entered final Judgment against Alkem on April 11, 2017.

## III.    LEGAL STANDARDS

        Section 285 of the Patent Act provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party."  35 U.S.C. § 285.

        In *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, the Supreme Court explained that fees are warranted *either*: (1) in a case "that stands out from others with respect to the substantive strength of a party's litigation position (considering both the governing law and the facts of the case)"; *or* (2) based on "the unreasonable manner in which the case was litigated."  134 S. Ct. 1749, 1756 (2014).  The Supreme Court further held that the determination of awarding fees "is inherently flexible" and is committed "to the discretion of the district court."  *See id.*; *Highmark, Inc. v. AllCare Health Mgm't Sys., Inc.*, 134 S. Ct. 1744, 1748 (2014).  In so holding, the Supreme Court expressly rejected the Federal Circuit's heightened requirement that an award of fees be

established by clear and convincing evidence, and held instead that a "preponderance of the evidence" is sufficient to justify the award of fees.  *Octane*, 134 S. Ct. at 1758.

Following the Supreme Court's decisions in *Octane* and *Highmark*, the Federal Circuit has routinely upheld fee awards levied against litigants who maintain baseless legal theories in a case—driving up costs for all concerned—while failing to offer any support.  *See, e.g.*, *Homeland Housewares, LLC v. Sorensen Res.*, 581 F. App'x 877, 881 (Fed. Cir. 2014) (fee award appropriate where litigant "presented no evidence whatsoever" of its claims and had "not even suggested what type of evidence it might present in that regard," and yet "repeatedly attacked" its opponent's evidence).  Similarly, the Federal Circuit has made clear that a defendant in Hatch-Waxman litigation who makes a baseless Paragraph IV Certification as to invalidity or non-infringement, but fails to support that position during the litigation, is subject to a fee sanction.  *See, e.g.*, *Yamanouchi Pharm. Co., Inc. v. Danbury Pharmacal, Inc.*, 231 F.3d 1339, 1347 (Fed. Cir. 2000) (generic's paragraph IV filing was "without adequate foundation and speculative at best," and generic's decision to maintain that position at trial was "baseless and unjustified misconduct").

Courts consider a party's failure to support a theory as part of the "totality of the circumstances" in a given case, including the litigant's "overall conduct during the litigation." *Homeland Housewares*, 581 F. App'x at 881.

## IV.   ARGUMENT

For over two years, Alkem completely failed to substantiate its defense and counterclaim of non-infringement of the '130 patent.  In addition, Alkem and its counsel engaged in a pattern of discourteous and evasive conduct that needlessly increased litigation costs and wasted this Court's and Depomed's time and resources.  This is precisely the kind of "unreasonable" conduct that Section 285 is intended to curtail.

### A. Alkem's Failure to Provide Any Evidence in Support of Its Position Is Prototypical "Unreasonable Conduct"

Alkem's failure to support its affirmative defense and counterclaim of no infringement with *any* evidence, testimony, or credible basis warrants an award of fees under Section 285.

The Federal Circuit has upheld awards of fees in Hatch-Waxman litigation, where a defendant makes baseless paragraph IV certifications and then pursues those positions without providing any evidence or credible basis in support. *See, e.g.*, *Yamanouchi*, 231 F.3d at 1347 ("[A] case initiated by a paragraph (2) filing, like any other form of infringement litigation, may become exceptional if the ANDA filer makes baseless certifications."); *Takeda Chemical Indus., Ltd. v. Mylan Labs., Inc.*, 549 F.3d 1381, 1385–90 (Fed. Cir. 2008). In other areas of patent litigation, courts also routinely exercise their broad discretion in granting fees where a litigant pursues and fails to support an untenable position throughout a litigation. *See, e.g.*, *MarcTec, LLC v. Johnson & Johnson*, 664 F.3d 907, 921–22 (Fed. Cir. 2013) (affirming an award of fees against a party who had introduced "unreliable and irrelevant" expert testimony and engaged in "vexatious conduct and bad faith [that] increased the cost of litigation"); *IPVX v. Voxernet LLC*, No. 5:13-cv-01708, 2014 WL 5795545, *7 (N.D. Cal. Sept. 2, 2015) (awarding fees because the plaintiff's "position on infringement was objectively baseless at the inception of the lawsuit, and [the plaintiff] proceeded in this litigation without developing any factual record to support its infringement contentions"); *Romag Fasteners, Inc. v. Fossil, Inc.*, No. 3:10-cv-1827, 2014 WL 4073204, at *4 (D. Conn. Aug. 14, 2014) (fees awarded after the defendant's invalidity defenses were dismissed because it made a "woefully inadequate showing"); *Intex Recreation Corp. v. Team Worldwide Corp.*, 77 F. Supp. 3d 212, 215–16 (D.D.C. 2015) (awarding "attorneys' fees, expenses, and costs incurred after [the defendant] refused to stipulate to non-infringement").

In *Yamanouchi*, a generic applicant like Alkem certified in its paragraph IV filing that the

patent at issue was invalid, but the district court found that the generic's invalidity defense presented at trial "contained glaring weaknesses." 231 F.3d at 1347. The court accordingly awarded fees to the plaintiff after holding that the asserted patent claims were valid and that the generic infringed. *Id.* at 1340, 1347. On appeal, the Federal Circuit agreed with the district court's determination that the generic's paragraph IV filing was "without adequate foundation and speculative at best," and thus when the generic "proceeded" with its invalidity case at trial "in the face of [such weaknesses], its [paragraph IV] certification amounted to baseless and unjustified misconduct." *Id.* at 1347. Notably, *Yamanouchi* was decided before *Octane* and *Highmark*—there, even under the older, stricter Section 285 standard in force, the defendant's conduct was deemed "exceptional."

Much like the defendant in *Yamanouchi*, Alkem's position of no induced infringement was entirely baseless—at the outset in its Paragraph IV Certification and through trial and post-trial briefing. Yet even worse than the defendant in *Yamanouchi*, Alkem *never* adduced *any evidence*, expert testimony, or credible basis for its argument that its generic product would not infringe the '130 patent, even though the label is essentially identical to the NUCYNTA® ER label. This was not a case where Alkem's evidence was incomplete or its legal argument did not carry the day. On the contrary, this is a case where Alkem had *absolutely no evidence* to put on and *no argument* to advance. Furthermore, Alkem not only pursued its untenable position as a defense to the asserted claim of infringement, but it also asserted its own independent declaratory judgment counterclaim. There can be no doubt that by February 19, 2016—the last day all defendants were required to stipulate to infringement—Alkem had no legitimate basis for continuing to pursue its defense and counterclaim and for not stipulating to infringement. Alkem utterly failed to pursue its defense and counterclaim in good faith, which is exactly what Section 285 is intended to

sanction.

Alkem wasted valuable time and resources in an already complex and arduous trial by forcing Depomed to brief, present evidence, and elicit expert testimony for its infringement case against Alkem, and requiring the Court to decide the issue. Alkem's defense and counterclaim of no infringement, including its Paragraph IV Certifications, were frivolous. In view of Alkem's "baseless and unjustified misconduct," fees are warranted under Section 285.

### B. Alkem's Pattern of Evasive and Discourteous Conduct Further Supports a Fee Award

In considering whether to award fees, the Court must consider the "totality of the circumstances," which includes not only Alkem's complete failure to support its asserted positions, but also Alkem's "offensive litigation tactics [and] vexatious or unjustified litigation." *Yamanouchi*, 231 F.3d at 1347. Alkem engaged in a pattern of purposely wasteful, evasive, and discourteous conduct throughout the litigation.

Alkem, for instance, failed to bring a client representative to the June 29, 2016 Settlement Conference as the Court had ordered weeks earlier (Dkt. 505), and Alkem's counsel could not provide any reasonable excuse. The Court noted that Alkem's failure and obstruction of meaningful settlement discussions between the parties was "particularly frustrating" and that it "put[] everyone" else who had flown in from various parts of the country and Germany "in a difficult position." 6/29/16 Hearing Tr. 7:18–20, 9:7–9.

Similarly, Alkem engaged in frivolous misconduct during discovery, where Alkem forced Magistrate Judge Falk—months after the discovery cutoff and weeks before trial—to conduct hearings on discovery issues that were years old. Judge Falk dismissed Alkem's requests as a "last-minute fishing expedition" (Dkt. 318, 1/8/16 Tr. 28:25–29:1) and "weakly abandoned discovery dispute" (*id.* 30:19) that Alkem improperly "raised . . . way past the eve of the discovery

12

deadline" (*id.* 26:17–27:2)—even worse, "on the eve of trial" (*id.* 27:19)—with "no real showing of relevance in the case" (*id.* 28:7).

Still further, Alkem purposely complicated this Court's process in setting a trial date while also considering whether to enjoin the defendants from launching their generic products beyond the 30-month stay. After numerous conferences with the Court on the issue, the Court held an in-chambers meeting. At the meeting, Alkem refused to agree to a January 2016 trial date, and instead requested a March 2016 trial date. But at the same time, Alkem adamantly refused to agree or even acknowledge that it was within the Court's power to extend the 30-month stay to accommodate Alkem's request to delay trial. In other words, Alkem unreasonably continued to demand a one-sided accommodation, which wasted the Court's and Depomed's time and resources.

Furthermore, Alkem failed to adhere to the Court's order that it "provide notice of expert witnesses to withdraw from trial" by February 19, 2016 (fourteen days after the Court issued its February 5, 2016 claim construction order). Dkt. 326 at 3. On February 19, 2016, Alkem did not provide notice that any of its witnesses would withdraw. Alkem proceeded to trial with all of its experts, even representing in opening arguments that one of its experts, Dr. Thomas Prisinzano, would testify on invalidity issues. 3/9/16 Tr. 145:11–15. On March 16, 2016, one week into trial, Alkem continued to represent that Dr. Prisinzano would testify. *See* 3/16/16 Tr. 287:22–25. However, the next day, just hours before Dr. Prisinzano was expected to take the stand—and a month after Alkem's deadline to withdraw expert witnesses—Alkem notified Depomed that it was withdrawing him as a witness. 3/17/16 Tr. 131:17–23. Alkem's failure to abide by the Court's order by belatedly withdrawing Dr. Prisinzano wasted Depomed's time and resources in preparing to cross-examine the witness.

Alkem engaged in countless other misconduct and discourteous behavior solely intended to waste this Court's and Depomed's time and resources.  For instance, even after its time to present its case at trial had already expired, Alkem continued to threaten to have its damages expert testify—only dropping this threat when Depomed agreed to withdraw its own damages expert. Likewise, Alkem intentionally wasted the Court's and Depomed's time and resources with an improper request—weeks before trial—for an advisory opinion on whether Alkem had forfeited its right to receive 180-day exclusivity from FDA for failing to obtain tentative approval within 30 months of filing its ANDA application (*see* 1/4/16 Letter from M. Sitzman to Magistrate Judge Falk).  The Court ultimately denied that request.

Such unreasonable behavior, combined with Alkem's subsequent failure to substantiate its position, admits of only one conclusion—Alkem kept its baseless theory in this case merely to drive up costs and vex opposing counsel, without due care for the Court's valuable time and resources.  Thus, under the "totality of the circumstances," Alkem's misconduct throughout the litigation overwhelmingly supports the imposition of fees under Section 285.  *See Homeland Housewares*, 581 F. App'x at 881 (considering "overall conduct during the litigation" in fee award).

### C.  Depomed's Requested Attorneys' Fees Are Reasonable and Narrowly Tailored

To date, Depomed (and its predecessor, Janssen Pharmaceuticals, Inc.) has incurred more than $10 million in attorneys' fees for this litigation.  Declaration of Michael A. Sitzman ("Sitzman Declaration") ¶ 6.  Of that total, Depomed incurred approximately $1.8 million (or 18%) pursuing its claims against Alkem for infringement of the '130 patent and defending against Alkem's counterclaim for declaratory relief of non-infringement.  *Id.* ¶ 4.  In view of the baseless nature of Alkem's Paragraph IV Certification and its non-infringement counterclaim, Depomed would be

on firm ground in requesting an award for $1.8 million.  Given Alkem's concerted decision to serve a baseless Paragraph IV Certification and pursue a meritless defense and counterclaim, Depomed should be "compensate[d] . . . for attorneys' fees it should not have been forced to incur." *Kilopass Tech., Inc. v. Sidense Corp.*, 738 F.3d 1302, 1313 (Fed. Cir. 2013).

The Court has complete discretion to award any sum it believes is appropriate under the circumstances.  And while the Court may deem it appropriate to award Depomed its $1.8 million in attorneys' fees for litigating against Alkem on the '130 patent, Depomed takes a more generous approach at the outset.  Instead of asking for $1.8 million, Depomed submits that the fees incurred from February 19, 2016—when Alkem should have stipulated to infringement of the '130 patent, but refused—until April 11, 2017, when the Court entered final judgment over Alkem's steady objections, provide the minimum award of sanctions in this case.  This follows if the Court believes that Alkem should have had the opportunity to engage in "good faith" fact discovery and expert discovery to assess the merits of its affirmative defense and counterclaim, but that after the close of discovery and before trial, Alkem should have stipulated to infringement.  Thus, in this scenario, Depomed seeks $541,756.92 in attorneys' fees, which represents 30% of the $1.8 million it incurred.  Sitzman Declaration ¶¶ 4, 6, 8–9.

If, however, the Court concludes that Alkem did not have a good faith basis for asserting non-infringement in its Paragraph IV Certification, that Alkem did not engage in good faith when it filed its declaratory relief counterclaim, and did not conduct discovery (fact or expert) to support its claims of non-infringement, then the Court should award Depomed a greater percentage—if not all—of the fees it expended in litigating infringement of the '130 patent against Alkem.  *See id.* ¶¶ 4, 6.

## V.    CONCLUSION

Based on the foregoing, Depomed respectfully requests that the Court find this case to be

"exceptional" under Section 285 and order Alkem to pay Depomed's attorneys' fees related to Alkem's infringement of the '130 patent, in the amount of at least $541,756.92, along with its fees associated with this motion.

Dated: May 10, 2017

/s/ Keith Miller
Keith Miller
**ROBINSON MILLER LLC**
One Newark Center
19th Floor
Newark, New Jersey 07102
Tel:  (973) 690-5400
Fax:  (973) 466-2760
(kmiller@rwmlegal.com)
*Attorney for Plaintiff/*
*   Counterclaim Defendant Depomed, Inc.*

Michael Sitzman
Christine Ranney
Jaysen S. Chung
**GIBSON, DUNN & CRUTCHER LLP**
555 Mission Street
Suite 3000
San Francisco, California  94105-2933
Tel:  (415) 393-8200
Fax:  (415) 393-8306
(msitzman@gibsondunn.com)
(cranney@gibsondunn.com)
(jschung@gibsondunn.com)

- and –

Timothy P. Best
**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, California 90071-3197
Tel:  (213) 229-7659
Fax:  (213) 229-6659
(tbest@gibsondunn.com)

*Of Counsel for Plaintiff/*
*   Counterclaim Defendant Depomed, Inc.*